928 F.2d 404
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Keith D. HENSLEY, Plaintiff-Appellant,
v.
Larry LACK, Defendant,
Correctional Officer Walters, Defendant-Appellee.
 No. 90-6124.
 United States Court of Appeals, Sixth Circuit.
 March 13, 1991.
 
 M.D.Tenn. 87-00522, Nixon, J.
 M.D.Tenn.
 AFFIRMED.
 Before KRUPANSKY and BOGGS, Circuit Judges, and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 Keith D. Hensley appeals from the district court's award of summary judgment in favor of defendant. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and the record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Hensley brought suit pursuant to 42 U.S.C. Sec. 1983 alleging that the warden and a corrections officer of the Middle Tennessee Reception Center in Nashville violated his eighth amendment protections by failing to protect him from an assault by another inmate. The warden was granted a judgment on the pleadings and Hensley does not appeal that judgment.
 
 
 3
 Upon review, we find no error with the district court's grant of summary judgment in favor of the defendant prison guard. This court's review is the same as the district court employs initially under Federal Rule of Civil Procedure 56(c). Gutierrez v. Lynch, 826 F.2d 1534, 1536 (6th Cir.1987).
 
 
 4
 This court has held that deliberate indifference of constitutional magnitude may occur when prison guards fail to protect one inmate from another. See Roland v. Johnson, 856 F.2d 764, 769-70 (6th Cir.1988); McGhee v. Foltz, 852 F.2d 876, 880-81 (6th Cir.1988). However, it is undisputed that the defendant prison guard had no warning of any animosity between the inmates; had absolutely no warning of an attack; and, that he reacted immediately by calling for help in accordance with prison policy. In short, there was no evidence of any opportunity to prevent the attack, no inaction on the defendant's part, and no "callous disregard" which constitutes the type of deliberate indifference as characterized in Roland as "obdurate" or "wanton." See Roland, 856 F.2d at 769; Walker v. Norris, 917 F.2d 1449, 1453 (6th Cir.1990).
 
 
 5
 Accordingly, the judgment of the district court is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.